UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GILBERT MARTINEZ,

        Plaintiff,

v.                                                Case No.: 6:23-cv-1440-WWB-DCI

WESTON MARRIOT INTERNATIONAL
and ELEMENT HOTEL,

        Defendants.
_____/

**ORDER**

THIS CAUSE comes before the Court on Plaintiff's civil rights Complaint (Doc. 1), which the Court now screens under 28 U.S.C. § 1915A.

**I.  LEGAL BACKGROUND**

   A.  Section 1915A

Pursuant to 28 U.S.C. § 1915A(a), federal courts must conduct an initial screening of certain civil suits brought by prisoners to determine whether they should proceed. A court is required to dismiss a complaint (or any portion thereof) if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Additionally, the Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

B. <u>Section 1983</u>

Plaintiff states that his claims against Defendants arise under Title 42 United States Code Section 1983. (Doc. 1 at 3). "[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990). To successfully plead a § 1983 claim, Plaintiff must allege two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Id.* Thus, he must show that each Defendant acted under the color of law or otherwise show some type of state action that led to the violation of his rights. *Id.*

II. **ANALYSIS**

Plaintiff, who is currently a pretrial detainee in the custody of the Orange County Corrections Department in Orlando, Florida, sues Weston Marriot International and Element Hotel under § 1983. (Doc. 1-2 at 2–3). He claims that Defendants discriminated against him on the basis of his race by forcing him to leave the hotel property, even though he had booked and paid for the hotel room. (Doc. 1-2 at 10). He claims that the hotel manager called police to arrest him for failure to pay, but that the police officer investigated, determined he had broken no law, and did not arrest Plaintiff. (Doc. 1-2 at 10–11). Nonetheless, he subsequently received an e-mail from the Element Hotel indicating he still owes them money. (Doc. 1-2 at 11).

"Section 1983 provides judicial remedies to a claimant who can prove that a person *acting under color of state law* committed an act that deprived the claimant of some right, privilege, or immunity protected by *the Constitution or laws of the United States*." See

2

*Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995) (emphasis added). Private parties are state actors for § 1983 purposes only in rare circumstances. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).

Plaintiff has not alleged that Defendants—private parties—are state actors for purposes of the statute; nor can they plausibly be viewed as state actors. Plaintiff alleges simply that Defendants improperly claimed that he committed a crime and used that as a basis to call police and ban him from the hotel. However, those allegations do not demonstrate that Defendants are state actors. *See, e.g.*, *Watkins v. Dubreuil*, 820 F. App'x 940, 943–44 (11th Cir. 2020) (explaining that neither Walmart nor a Walmart manager that called police to arrest the plaintiff for trespassing when he refused to stop singing a song advocating violence against homosexuals in the checkout line were state actors); *Williams v. Town of White Hall, Ala.*, 450 F. Supp. 2d 1300, 1308 (M.D. Ala. 2006) (quoting *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1450 (10th Cir.1995)) (explaining that "private businesses that call the police do not transform themselves into state actors. The mere presence of police officers does not transform the conduct of private parties into state action" (quotation omitted)).

Accordingly, because amendment would be futile, *see Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007), it is **ORDERED** that this action is **DISMISSED without prejudice** for failure to state a claim. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on August 16, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party